UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                     CASE NO. 3:22-cv-1055-TJC-MCR

JARED D. EAKES and JAMES
BLAKE DAUGHTRY,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Serve by Publication or by Service on the Florida Secretary of State, or, Alternatively, to Extend Plaintiff's Time to Serve Summons and Complaint upon Defendant Jared D. Eakes ("Motion")[1] (Doc. 16), filed on April 27, 2023.[2]  On May 4, 2023, the Court entered an Order, taking the Motion under advisement and directing Plaintiff to supplement it no later than May 11, 2023.  (Doc. 17.)  On May 11, 2023, Plaintiff filed its Supplement to the Motion, clarifying that

---

[1] Although Defendant James Daughtry indicated he opposed the Motion, to date he has not filed a response to the Motion and, therefore, the Court will treat the Motion as unopposed.

[2] The deadline for service of process on Defendant Eakes was previously extended through April 30, 2023.  (*See* Doc. 15.)

it is seeking alternative service by serving the Secretary of State pursuant to Fla. Stat. § 48.181(4), rather than service by publication as provided for in Fla. Stat. § 49.011.  (Doc. 18 at 2 n.1.)  Alternatively, Plaintiff requests a sixty-day extension of time to serve Defendant Eakes with the summons and the Complaint.  (*Id.* at 6.)

>Section 48.181(4) of the Florida Statutes reads as follows:
>
>Any individual or foreign business entity that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent on whom all process may be served, in any action or proceeding against it, or any combination thereof, arising out of any transaction or operation connected with or incidental to any business or business venture carried on in this state by such individual or foreign business entity.

Fla. Stat. § 48.181(4).

"Because the statute allowing substituted service is an exception to the general rule requiring a defendant to be personally served, there must be strict compliance with the statutory requirements so as to protect due process guarantees." *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695, 698 (Fla. Dist. Ct. App. 2010).  "If the complaint fails to allege the jurisdictional requirements for substituted service as prescribed by the statute, a defendant cannot be properly served by substituted service . . . ." *Id.*  "[T]he complaint must allege the ultimate facts bringing the defendant within the purview of the statute." *Id.*  "This requires the plaintiff to allege in his complaint that the defendant was a non-resident, or a resident of Florida who subsequently

became a non-resident, or a resident of Florida concealing his whereabouts." *Id.* (quotation marks and citation omitted); *see also Pinero v. Yam Margate, LLC*, 825 F. Supp. 2d 1264, 1265 (S.D. Fla. 2011) ("The jurisdictional requirements of Fla. Stat. § 48.181 are that the defendant conducts business in Florida and is either a (1) nonresident, (2) resident of Florida who subsequently became a nonresident, or (3) resident of Florida concealing his or her whereabouts."). In addition, "the service must strictly comply with section 48.161, which sets forth the method of substituted service of process." *Hernandez*, 32 So. 3d at 698.

The Complaint in this case does not contain allegations to bring Defendant Eakes within the purview of Fla. Stat. § 48.181(4). Specifically, the Complaint does not allege that Defendant Eakes is a non-resident of Florida, or a resident of Florida who subsequently became a non-resident, or a resident of Florida concealing his whereabouts. (*See* Doc. 1.) Instead, the Complaint alleges that Defendant Eakes "is believed to be a resident of Jacksonville, Florida." (*Id.* at ¶ 17.) Although subsequent filings, such as the Motion and the Supplement thereto, contain allegations that may bring Defendant Eakes within the purview of the substituted service statute, the Complaint does not. (*Compare* Doc. 1 *with* Docs. 16, 16-1, 18.) Thus, Plaintiff's request for substitute service pursuant to Fla. Stat. § 48.181(4) is denied without prejudice to filing an amended complaint and serving it on

3

Defendants.  *See Great Am. Assurance Co. v. Walters*, No. 3:15-cv-1008-J-39JBT, 2016 WL 9526443, *3 (M.D. Fla. Apr. 14, 2016).  To the extent the Motion seeks a sixty-day extension of time to serve Defendant Eakes, it is due to be granted.

Accordingly, it is **ORDERED**:

1.	The Motion (**Doc. 16**) is **GRANTED** to the extent it seeks a sixty-day extension of time to serve Defendant Eakes **on or before June 29, 2023**; **DENIED without prejudice** to the extent it seeks substitute service pursuant to Fla. Stat. § 48.181(4); and **DENIED as moot** to the extent it seeks service by publication pursuant to Chapter 49 of the Florida Statutes.

2.	Plaintiff may file an amended complaint **on or before June 21, 2023**, and shall serve the same on Defendants in accordance with the Federal Rules of Civil Procedure.[3]

**DONE AND ORDERED** at Jacksonville, Florida, on June 1, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[3] Because Defendant Daughtry has made an appearance, Plaintiff may serve the amended complaint on him pursuant to Rule 5 of the Federal Rules of Civil Procedure.

4

Copies to:

Counsel of Record

Any Unrepresented Party